# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4676 | **DATE** | 8/20/2008 |
| **CASE TITLE** | Alhaj vs. United States Government | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed in forma pauperis [4] is denied. Plaintiff's complaint is hereby dismissed without prejudice.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    On August 18, 2008, pro se Plaintiff Mutei M. Alhaj filed a Complaint against the Internal Review Service ("IRS"). Plaintiff seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a pro se plaintiff to proceed in forma pauperis if he is unable to pay the mandated court fees. Although Plaintiff filled out parts of the appropriate in forma pauperis form and affidavit, he failed to set forth any details about his expenses or assets. Nevertheless, Plaintiff avers that his monthly salary is $1600 or $19,200 a year and that his only dependent is his wife, Arwa Yousef. Under the 2008 Health and Human Services Poverty Guidelines, $19,200 for a family of two is above the poverty threshold of $14,000. *See* http://aspe.hhs.gov/poverty/08poverty.shtml. Thus, without specific information concerning his expenses and other assets, Plaintiff does not qualify to proceed in forma pauperis, and thus the Court denies his motion without prejudice.

    Meanwhile, under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review his claims to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if he is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Flowers v. Columbia Coll. Chicago,* 397 F.3d 532, 535 (7th Cir. 2005). Here, Plaintiff's Complaint fails to state a claim upon which relief may be granted. *See Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1959 (2007).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Case 1:08-cv-04676   Document 5   Filed 08/20/2008   Page 1 of 2

08C4676 Alhaj vs. United States Government   Page 1 of 2

**STATEMENT (CONT.)**

     Specifically, Plaintiff alleges that the IRS charged him $2,316.91 on January 19, 2008 and that he does not owe any money to the IRS.  He further alleges that the IRS denied his 2002 tax form for no reason.  Plaintiff requests that the IRS pay him back $2,316.91, plus interest.  Based on these allegations, Plaintiff's Complaint does not allege "enough facts to state a claim to relief that is plausible on its face" because these allegations lack sufficient detail to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506, 122 S. Ct. 992, 152 L.Ed. 2d 1 (2002) (quotation omitted); *see also Bell Atlantic,* 127 S.Ct. at 1974.  In short, based on these bare-boned allegations, it is unclear if Plaintiff can sue the IRS under the circumstances.  As such, the Court dismisses Plaintiff's Complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court directs Plaintiff's attention to the Northern District Court of Illinois' Self-Help Assistance Program as described on the Court's website at www.ilnd.uscourts.gov.